UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK VINCENT OLVERA,

    Petitioner,

v.                                        Case No. 5:03-cv-348-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

    Respondents.

## **ORDER DISMISSING PETITION**

This case arises from Petitioner's 1991 Lake County conviction for one count of first-degree murder and one count of sexual battery involving force likely to cause serious bodily injury. Petitioner is now proceeding on his Third Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and §2254. (Doc. 23). Petitioner challenges the state courts' denial of his requests for post-conviction DNA testing pursuant to Fla. R. Crim. P. 3.853 and Fla. Stat. § 925.11. Petitioner maintains that his Fifth, Sixth, and Fourteenth Amendment rights have been violated by the state courts' refusal to allow retesting of the DNA evidence.

Respondents request dismissal of the Third Amended Petition as successive. (Doc. 24). Indeed, Petitioner previously filed a Petition for Writ of Habeas Corpus, which this Court dismissed with prejudice as untimely. See Olvera v. Moore, case No. 5:99-cv-00005-WTH, (Docs. 7, 12) aff'd, No. 99-11046-G (11th Cir. October 26, 1999)(*denying* Petitioner's certificate of appealability).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), the so called "gatekeeper provision," before a second or successive petition for writ of habeas corpus can be filed with this Court, Petitioner must request permission to file the second or successive petition from the Eleventh Circuit.  Petitioner has not requested permission from the Court of Appeals to file a second or successive petition.[1]  Therefore, this Court is without jurisdiction to entertain this Petition.[2]  Further, the Eleventh Circuit holds that a request for DNA testing is a request for the production of evidence.  See Bradley v. Pryor, 305 F. 3d 1287 (11th Cir. 2002)(*holding* action seeking to compel government to produce evidence for DNA testing was not functional equivalent of petition for habeas corpus and action could proceed under 42 U.S.C. §1983).

Accordingly, the Petition is **DISMISSED** without prejudice.  The Clerk is directed to enter judgment dismissing the Petition without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 16th day of February 2007.

_____
UNITED STATES DISTRICT JUDGE

c: Counsel of Record

---

[1] Counsel for Petitioner was previously unaware of the previous *pro se* habeas petition challenging Petitioner's conviction, but acknowledges that the prior federal habeas petition was dismissed with prejudice on the ground that it was untimely.  (Doc. 26).

[2] Fugate v. Dept. of Corrections, 301 F.3d 1287, 1288 (11th Cir. 2002); Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1303 (11th Cir. 2002).